IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

EMON V. HOLLINS,

                     Plaintiff,

    v.

J. GOODMAN a.k.a. J. MOUNGEY, ANDREW
MOUNGEY, SGT. PASS, SGT. PERRY,
CAPT. RYMARKIEWICZ, ANTHONY MELI,
C.O. GOULD, and C.O. WHYTE,

                     Defendants.

OPINION and ORDER

20-cv-188-jdp

    Plaintiff Emon V. Hollins, appearing pro se, is a prisoner at Waupun Correctional Institution. Hollins alleges that a prison official defamed him by giving him a false conduct report, and when he complained about it other officials retaliated against him.

    Hollins has paid the full $400 filing fee for the case. Nonetheless, because Hollins is a prisoner suing state officials, the next step is for me to screen his complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. In doing so, I must accept his allegations as true, *see Bonte v. U.S Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010), and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

    Hollins says that defendant Sergeant J. Moungey[1] defamed him by giving him a false conduct report for disobeying orders and loitering. He also says that several other officers,

---

[1] Hollins initially refers to this defendant as "J. Goodman a.k.a. J. Moungey" but then refers to

including J. Moungey's husband, Sergeant Andrew Moungey, retaliated against Hollins after he filed a grievance and notice of claim about J. Moungey's actions. But Hollins's current allegations do not comply with the Federal Rules of Civil Procedure that limit the claims that may be brought together in one lawsuit. Under Federal Rule of Civil Procedure 18, a plaintiff may bring unrelated claims against a particular defendant. But a plaintiff cannot bring unrelated claims against more than one defendant. Under Federal Rule of Civil Procedure 20, defendants may be joined in one lawsuit only if the claims against them arise out of the same transactions or occurrences and present questions of law or fact that are common to them all. *George v. Smith*, 507 F. 3d 605, 607 (7th Cir. 2007).

Hollins alleges that in June 2018 he had a verbal altercation with J. Moungey that led to the false conduct report, and that Andrew Moungey and others then retaliated against him in July 2018 by "trash[ing]" his cell, confiscating his property, and giving him a conduct report. Dkt. 1, at 4. Andrew Moungey told Hollins, "since you wanna write my wife up, I'm gonna write you up [too]. Then maybe you'll think twice about it next time." *Id.* These claims may all be brought together in this lawsuit.

But Hollins goes on to describe what he believes is another act of retaliation, taking place in December 2018: he says that Andrew Moungey and other defendants not involved in the earlier set of claims subjected him to a strip search to humiliate him. But unlike the July 2018 incident, Hollins does not explain how he knows that Andrew Moungey or the other defendants meant to retaliate against him for his grievance and notice of claim against J. Moungey. And the strip search happened several months later, so the timing of events is not

---

her as J. Moungey in the rest of the complaint, so I will refer to her as J. Moungey in this opinion.

enough to suggest that defendants meant to retaliate against him with the strip search. Without further explanation from Hollins about why the strip search claims are connected to the other events, those claims do not belong in the same lawsuit with his other claims.

I'll give Hollins a short time to submit a supplement to his complaint in which he explains how he knows that Andrew Moungey or the other defendants meant to retaliate against him by giving him a strip search. If Hollins's complaint does not comply with Rules 18 and 20 even after he files a supplement, or if Hollins does not file a supplement by the deadline set below, then I will dismiss the strip-search claims from the case and I'll screen his defamation and retaliation claims.

Hollins has also filed a motion for a temporary restraining order asking to be moved to a different facility, saying that some of the defendants continue to retaliate against him for being "a known litigator." *Id.* at 2. He's filed additional documents in support of that motion, Dkt. 8–12, but none of his documents explain his problem in enough detail for the court to take the extreme step of intervening in prison operations, nor does he explain how the alleged ongoing retaliation is connected to his claims in this lawsuit. I will deny his motion. Hollins's motion and other documents also fail to comply with this court's procedures for obtaining preliminary injunctive relief. Under these procedures, a plaintiff must file and serve proposed findings of fact that support the plaintiff's claims, along with evidence that supports those proposed findings. I will attach a copy of the court's procedures to this order. Hollins must follow these procedures if he files another motion for preliminary injunctive relief.

ORDER

IT IS ORDERED that:

3

1. Plaintiff Emon V. Hollins may have until November 3, 2020, to submit a supplement to his complaint addressing the pleading problems discussed above.

2. Plaintiff's motion for temporary restraining order, Dkt. 6, is DENIED.

Entered October 15, 2020.

                                  BY THE COURT:

                                  /s/

                                  _____
                                  JAMES D. PETERSON
                                  District Judge